Filed 1/4/16  P. v. Summers CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HIRAM ELIXER SUMMERS,<br><br>    Defendant and Appellant. | B263684<br><br>(Los Angeles County<br>Super. Ct. No. BA260968) |

THE COURT:[*]

Defendant Hiram Elixer Summers appeals from the order denying his petition for a writ of error *coram nobis* seeking to vacate the judgment entered following a jury trial in which he was convicted of first degree murder while personally and intentionally discharging a firearm, causing death (Pen. Code, §§ 187, subd. (a), 12022.53, subd. (d))[1] and for which he was sentenced to prison for 25 years to life for the murder, plus an additional 25 years to life for the firearm enhancement.[2]

---

[*]    BOREN, P.J.         ASHMANN-GERST, J.         CHAVEZ, J.

[1]    All further section references are to the Penal Code.

[2]    The trial court also denied his petition for a writ of habeas corpus.  He does not challenge that ruling.

Defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On November 18, 2015, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any ground or argument he wished to have considered. On December 14, 2015, defendant submitted a brief in which he contends he was incompetent to stand trial in view of his mental illness and the trial court erred in denying his petition as untimely based on its unsupportable finding that defendant, who represented himself at trial, must have known if he suffered from mental illness, which illness also should have been recognized by the other trial participants, but defendant failed to raise such claim at the time of trial. Further, defendant asserts he has valid grounds to file a writ of error *coram nobis*. He contends the fact he was mentally incompetent to stand trial was unknown at the time of trial; the petition sets forth sufficient evidence of such mental incompetence to warrant the writ and a hearing; and defendant has acted diligently in filing his petition.

Initially, we conclude the petition for writ of error *coram nobis* before the trial court was procedurally improper, because we affirmed the judgment on appeal in B176847.**3** We deem this purported appeal to be instead a petition for a writ of error *coram vobis*, which is essentially identical to such a writ of error *coram nobis*, except it is addressed to the reviewing court. (*People v. Brady* (1973) 30 Cal.App.3d, 81, 83; see also § 1265, subd. (a).) We shall deny the petition.

A writ of error *coram nobis*, or in this case, *coram vobis*, is available "'[w]here the defendant was insane at the time of trial and this fact was unknown to court and counsel [citations].'" (*People v. Kim* (2009) 45 Cal.4th 1078, 1094.) To prevail on his petition, however, it is incumbent on defendant to establish newly discovered facts supporting his

---

**3**     On April 3, 2007, in B197057, we denied defendant's petition for a writ of habeas corpus. The state Supreme Court denied his petition for review and his habeas corpus petition. (*People v. Summers* (2006) 2006 Cal.Lexis 2305; *People v. Summers* (2008) 2008 Cal.Lexis 10268.) His petition for federal habeas corpus relief also was denied. (*Summers v. Malfi* (2010) 2010 U.S.Dist. Lexis 77758.)

claim of mental incompetence at the time of trial which could not have been secured with the exercise of due diligence prior to the filing of his petition. (*Id*. at pp. 1092-1093.)

Defendant has failed to meet his burden. On July 7, 2004, he was convicted, and on July 15, 2004, he was sentenced. On August 4, 2004, defendant had an interview with the California Department of Corrections. The report reflected "[t]here are indications that [defendant] is experiencing a major depression" and "[b]ased on this initial brief screening, there is an indication that [he] is suffering from a mental illness. Referral to a mental health professional is indicated." The report cautioned these "diagnostic impressions . . . should be considered as hypotheses which should be confirmed or ruled out following examination by qualified personnel."

In his petition, defendant alleges "[d]ue to the psychosis of [his] chronic paranoid schizophrenia, [he] was mentally incompetent to represent himself in the trial court matters," and he "had a meritorious and good defense to the charge of 1st degree murder, but [he] was unable to discern or present it in the trial." He further alleges "chronic-psychosis is not 'on-set' psychosis, but rather a pre-existing major mental illness that pre-existed the date of August 4, 2004, to wit, it existed on the dates of May 3, 2004, July 1, 2004, July 7, 2004, July 15, 2004, and during all of the trial court proceedings in [this case]." In his affidavit, defendant states "[d]ue to the on-going psychosis, it has been extremely difficult-to-impossible for me to separate reality and fantasy, and engaging in any legal hypothesis or reasoning has been impossible, circa August 2004 through the current date, notwithstanding . . . treatment, including medication."**4**

Our independent review of the record fails to reveal any evidentiary support for defendant's claim he was mentally incompetent to stand trial in this case. As discussed above, the August 4, 2004, report merely indicated defendant might have a mental illness and recommended referral to a mental health professional for further evaluation. On

---

**4**     Defendant explained he first became aware of the matters set forth in his petition after February 2015, at which time he approached Robert Charles Jordan, Jr., a fellow inmate and patient, who explained the issues laid out in the petition, which he prepared for defendant.

August 18, 2004, a mental health clinician diagnosed defendant with "schizoaffective disorder," which was not defined, and recommended psychiatric evaluation. A notation of "sleeplessness" also was made. A report regarding interventions on October 28, 2004, indicated defendant reported "racing thoughts" and contained a notation of "major depressive symptoms." An evaluation report dated May 13, 2008, concluded defendant met the inclusion criteria for the "Mental Health Services Delivery System" and indicated psychotropic medication was prescribed.

In the progress note dated July 2, 2010, almost six years after the initial August 4, 2004, report, a staff psychiatrist indicated defendant had a medical history of "significant psychosis & depression, now doing tolerably well." The doctor's diagnosis was "Chronic Paraonoid Schizophrenia." This is the first indication in the record of such a diagnosis. The record does not reflect at what point in time defendant developed such condition, and there is no medical evidence regarding if, and if so, how, this condition would impact defendant's ability to comprehend the charges against him and/or defend against them. Defendant therefore simply speculates he suffered from chronic paranoid schizophrenia prior to and during trial and that this condition rendered him mentally incompetent to stand trial. Speculation, however, is not evidence, nor are speculative inferences. (*People v. Mendoza* (2000) 24 Cal.4th 130, 174; *People v. Kraft* (2000) 23 Cal.4th 978, 1035.)

We have examined the entire record, including defendant's brief, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d 436, 441.)

The petition for a writ of error *coram vobis* is denied.

4